IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JAMES A. GILLASPIE, SR.,

    Petitioner,

v.                                     Civil Action no. 2:05cv14
                                        Criminal Action No. 2:03cr9
                                        (Judge Maxwell)

UNITED STATES OF AMERICA,

    Respondent.

**REPORT AND RECOMMENDATION/OPINION**

**I. INTRODUCTION**

On February 18, 2005, the *pro se* petitioner, James A. Gillapsie, Sr., an inmate at FCI-Cumberland, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, along with a Brief in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2255. On April 28, 2005, the petitioner filed a Motion to Amend 28 U.S.C. §2255 in which he requests that the Court grant an evidentiary hearing regarding his claims of ineffective assistance of counsel.

This matter is pending before me for initial review and report and recommendation pursuant LR PL P 83.15.

**II. FACTS**

**A. Conviction and Sentence**

On September 4, 2003, the petitioner signed a plea agreement wherein he agreed to plea guilty to being in possession of a firearm while under a domestic restraining order and possession of explosive materials.

In the plea agreement, the petitioner waived his right to appeal and collaterally attack his sentence. Specifically, the waiver provision provided as follows:

> The defendant is aware that Title 18, United State Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal or collaterally attack any sentence which is at the <u>Guideline Level Twenty -Eighty [sic](28) or less</u>, on any ground whatever, including (1) those grounds set forth in Title 18, United State Code, Section 3742, (2) a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), and (3) challenge to the manner in which the sentence was determined.

The petitioner entered his plea in open court on September 15, 2003. During the Rule 11 plea colloquy the District Judge advised and questioned Gillespie as follows:

> Court: Do you understand that, under some circumstances, either you or the United States may have the right to appeal the sentence which is imposed upon you?
> Def.: Yes, sir.
> Court: All right. You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under some circumstances, particularly, if you think the sentence is contrary to the law.
> Def.: Yes, sir.
> Court: A defendant may waive his or her appellate rights as a part of the plea agreement, and, Mr. Gillaspie, you have entered into a plea agreement which waives some or all of your rights to appeal your conviction and the sentence itself. Paragraph 13 reads:
> The defendant is aware that Title 18, United State Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to

    appeal or collaterally attack any sentence which is at the <u>Guideline Level Twenty -Eighty [sic](28) or less</u>, on any ground whatever, including (1) those grounds set forth in Title 18, United State Code, Section 3742, (2) a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), and (3) challenge to the manner in which the sentence was determined.

Court: Waivers of appellate rights are generally enforceable, Mr. Gillaspie, but if you believe the waiver is unenforceable, you can present that theory to the appellate court. With few exceptions, any notice of appeal must be filed within ten days of judgment being entered in your case. If you are unable to pay the costs of an appeal you may apply for leave to appeal in forma pauperis. If you so request, the Clerk of Court will assist you and/or your attorney in preparing and filing a notice of appeal and/or application for leave to appeal in forma pauperis. If you request the Clerk of Court, the Clerk will assist you and your attorney in preparing these documents, a notice and financial affidavit to accompany the notice of appeal and application to proceed in forma pauperis.

    Do you understand that parole has been abolished and , if you sentenced to prison, you will not be released on parole, as we've understood that to exist in past years?

Defendant: Yes, Sir.

On February 10, 2004, the petitioner appeared before the Court for sentencing. The Court determined that the petitioner's total offense level was 26 which included an 8 level increase pursuant to U.S.S.G. §2K2.1(b)(1)(D) for the offense involving 100-199 firearms, a two level increase pursuant to U.S.S.G. §2K2.1(b)(3) for an offense involving a destructive device, a 2 level decrease pursuant to U.S.S.G. §3E1.1 (a) for acceptance of responsibility and a 1 level decrease under U.S.S.G. §3E1.1(b) for super acceptance of responsibility. The Court further found a criminal history of IV but departed downward to a criminal history of II because category IV overrepresented the seriousness of the petitioner's past criminal conduct and the likelihood that he will commit future crimes. The Court also found a guideline range of 70-87 months imprisonment, and sentenced the petitioner to a total term of 70 months imprisonment. The petitioner did not appeal his conviction and sentence.

## B. **Federal Habeas Corpus**

In his §2255 motion, the petitioner alleges as follows:

(1)  the Court lacked jurisdiction in accepting indictment and/or plea.[1]

(2)  conviction obtained by ineffective assistance of counsel.[2]

(3)  Petitioner's enhancement of sentence was unconstitutional.

(4)  Court failed to have hearing about counsel prior to sentencing, denying effective assistance.

## III.  ANALYSIS

### A. Waiver

For years, the Fourth Circuit has held that waiver of appellate rights in a plea agreement is valid as long as it is knowing and voluntary. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).  Recently, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.[3] Thus, the Fourth Circuit held that the waiver

---

[1]The petitioner asserts the indictment was deficient because he was the lawful order of the firearms, the restraining order did not state that he was required to relinquish his firearms and two days after his wife obtained the restraining order she requested that he meet with her which voided the restraining order.

[2]The petitioner asserts that his attorney was ineffective because he failed to file motions to suppress; failed to "investigate the facts and evidence"; failed to "properly advise [him]"; failed to contest the PSI even though it breached the plea agreement; failed to file an appeal, refused to challenge the domestic charge; told him he would receive a sentence of not more than 18-24 moths, and misadvised him regarding the sentence he would receive.

[3]In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster,  403 F.3d 216, 219 (4th Cir. 2005).
Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or

of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights. Specifically, the Fourth Circuit noted that pursuant to United States v. Marin, 961 F.2d 493 (4th Cir.1992) "'a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race'" and that pursuant to United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) "a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack. Nonetheless, the Fourth Circuit reiterated that it saw no reason to treat waivers of collateral attack rights different than waivers of direct appeal rights. Id.

In Lemaster, the Fourth Circuit found that the petitioner's claims regarding the involuntariness of his plea was contradicted by his statements made during the Rule 11 hearing. Thus, the Fourth Circuit found that the plea and waiver were knowing and voluntary and affirmed the district court's dismissal of Lemaster's §2255 motion based on his waiver of his rights to collaterally attack his sentence.

---

the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

5

In determining whether a waiver is "knowing and intelligent, the court must review "the particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182,186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)). A waiver is valid if the district court fully questioned the defendant about the waiver during a hearing that meets all the requirements of Rule 11 of the Federal Rules of Civil Procedure. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991).

The petitioner does not assert that his plea and wavier were involuntary. Instead, he states the Court denied him due process of law by accepting his plea. He further asserts that his attorney advised him to take a plea without properly reviewing the discovery. He also alleges he was coerced to enter the plea.

Prior to entering into the plea agreement, on August 8, 2003, his attorney filed a motion to suppress alleged statements. That same day, the petitioner's attorney moved to suppress physical evidence. The petitioner's motion to suppress physical evidence was denied and his motion to suppress his statements was denied in part and granted in part. Thus, his attorney did review the discovery in preparation for and prosecution of the motion to suppress.

In addition, when asked about the performance of his attorney during the plea hearing, Defendant told the Court:

> Court: Has your attorney, Mr. Walker, adequately and effectively represented you in this matter?
> Defendant: Very well, sir.
> Court: Have either you or your attorney found any defense to the charges contained in count one and count two of this indictment?
> Defendant: No, sir. (Plea Transcript p. 30).

Further, while he asserts that he was coerced to enter the plea, he has provided absolutely no facts that he was coerced. To the contrary, during the plea colloquy, the Court inquired and

Defendant responded:

> Court: Mr. Gillaspie, are your pleas of guilty to these two counts of the indictment the result of any threats, coercion or harassment by anybody in any way?
> Defendant: No, sir. (Plea Transcript p. 29).

Moreover, during the plea hearing, the Court advised the petitioner of the nature of the charges, the maximum sentence he could receive, and made sure the petitioner understood the consequences of his plea. The Court found that a factual basis existed for the plea and that the petitioner entered the plea freely and voluntarily.

The Court also questioned Defendant with respect to his understanding of his limited waiver of his direct appeal rights and his rights to collaterally attack his sentence:

> Court: Do you understand that, under some circumstances, either you or the United States may have the right to appeal the sentence which is imposed upon you?
> Defendant: Yes, sir.
> Court: ...You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under some circumstances, particularly, if you think the sentence is contrary to the law.
> Defendant: Yes, sir.
> Court: A defendant may waive his or her appellate rights as a part of the plea agreement, and, Mr. Gillaspie, you have entered into a plea agreement which waives some or all of your rights to appeal your conviction and sentence itself.

The Court then read the entirety of paragraph 13 of Defendant's plea agreement (waiver of direct appeal and collateral attack rights) into the record thereafter stating:

> Waivers of appellate rights are generally enforceable, Mr. Gillaspie, but if you believe the waiver is unenforceable, you can present that theory to the appellate court. With few exceptions, any notice of appeal must be filed within ten days of judgment being entered in your case. ..." (Plea Transcript p. 21).

Defendant testified he was 47 years of age; had a twelfth grade education followed by three vo-tech classes and also took classes through West Virginia Fire Service for Burlington Volunteer

7

Fire Department; owned and operated his own business installing satellite dishes and later installing metal and mini-storage buildings; and had no hearing or other impairment that would prevent him from participating in the plea hearing. (Plea Transcript p. 8).

After the above plea colloquy between the Court and Defendant, with respect to each count of the indictment to which Defendant was going to plead guilty, the Court asked Defendant:

> If you understand the charges contained in the – in count one of the indictment, the maximum penalties applicable to count one, and the rights you give up if you plead guilty to count one of the indictment, what is your plea, Mr. Gillaspie, guilty or not guilty, to count one? (Plea Transcript p. 22-23).

> If your understand the charges contained in count two of the indictment, if you understand the maximum penalties for the charges contained in count two of the indictment, if you understand the rights you give up by pleading guilty to count two of the indictment, what is your plea, Mr. Gillaspie, to count two, guilty or not guilty? (Plea Transcript p. 23).

Defendant, following each question told the Court that he plea "guilty" to that count.

Thereafter, the Court heard testimony of a witness produced by the United States who provided a factual basis in support of each element of the crimes to which defendant had pled.

Thus, the undersigned finds that the plea was knowing and voluntary and that he voluntarily and knowingly waived his direct and collateral appeal rights. United States v. Lemaster, *supra.* The undersigned further finds and concludes that the Court did not exceed the level 28 or less guideline level threshold established in the plea agreement. Therefore Defendant's appeal and collateral appeal rights were never triggered. The undersigned further finds and concludes the guilty pleas were voluntary. Therefore, the petitioner cannot now attempt to challenge the indictment. A defendant who pleads guilty, waives any right to challenge the validity of the indictment. Tollet v. Henderson, 411 U.S. 258 (1973). A guilty plea conclusively establishes the necessary elements and material facts to support conviction. United States v. Willis, 992 F.2d 489

(4th Cir. 1993), cert. denied 510 U.S. 857 (1993).

Moreover, because the waiver of direct appeal and collateral appeal rights is valid, the §2255 motion should be dismissed.

**B. Blakely/Booker Claim**

The petitioner asserts that the Court improperly enhanced his sentence for the quantity of M-80's he possessed. The petitioner relies on Booker and Blakley to support his claim. is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) such is waived.[4] See, United States v. Blick, 408 F. 3d 162 (4th Cir. 2005). Even if it were not waived, Blakely, now Booker, does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005).

Because the petitioner's conviction became final prior to the issuance of the Booker decision,

---

[4] Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."

Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

9

in accordance with the just mentioned decisions, the Court finds that the petitioner is not entitled to have Booker applied retroactively to his sentence.

## C. Evidentiary Hearing

The petitioner seeks an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the movant is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

It is clear that the petitioner is entitled to no relief. Thus, there is no need for an evidentiary hearing.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order GRANTING the petitioner's motion to amend and DENYING the §2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C.

§ 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

Dated: November 8, 2005

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE