## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES A. GILLASPIE, SR.,**

        Petitioner,

v().                                     **CIVIL ACTION NO. 2:05 CV 14**
                                          **CRIMINAL ACTION NO. 2:03 CR 9**
                                                      **(Maxwell)**

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER

On February 18, 2005, *pro se* Petitioner James A. Gillaspie, Sr., an inmate at FCI-Beckley[1], filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, along with a Brief in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. Thereafter, on April 28, 2005, the Petitioner filed a Motion to Amend 28 U.S.C. § 2255 in which he requested that the Court grant an evidentiary hearing regarding his claims of ineffective assistance counsel.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation in accordance with Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. § 2255 (Standing Order No. 4).

After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued a Report And Recommendation/Opinion on November 8, 2005,

---

[1] It should be noted that the Petitioner was incarcerated at FCI-Cumberland at the time he filed his Petition.

wherein he recommended that the Petitioner's Motion to Amend 28 U.S.C. § 2255 be granted and that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody be denied.

In his Report And Recommendation/Opinion, Magistrate Judge Kaull provided the Petitioner with ten (10) days from the date he was served with a copy of said Report And Recommendation/Opinion in which to file objections thereto and advised the Petitioner that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Report And Recommendation/ Opinion.

Thereafter, by Order entered November 17, 2005, the Court granted a *Pro Se* Motion For Extension Of Time filed by the Petitioner on November 15, 2005, and Ordered the Petitioner to file his objections to Magistrate Judge Kaull's Report And Recommendation/Opinion within thirty days from the date of entry of said Order.

The Court's review of the docket in the above-styled action reveals that the Movant's Traverse Containing Objections To United States Magistrate Judge Kaull's Report And Recommendation/Opinion Submitted To The Court Pursuant To Title 28 U.S.C. § 2255 was filed by the Petitioner on November 29, 2005. In his Objections, the Petitioner does not object to specific findings made by Magistrate Judge Kaull in his Report And Recommendation/Opinion but, rather, reiterates the grounds for relief set forth in his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody Petition and the Amendment thereto.

Upon consideration of the Movant's Traverse Containing Objections To United States Magistrate Judge Kaull's Report And Recommendation/Opinion, it appears to the

Court that the Petitioner has not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in his Report And Recommendation/Opinion. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that Magistrate Judge Kaull's November 8, 2005, Report And Recommendation/Opinion accurately reflects the law applicable to the facts and circumstances before the Court in this *habeas corpus* action. Accordingly, it is

**ORDERED** that the Report And Recommendation/Opinion entered by United States Magistrate Judge Kaull in the above-styled action on November 8, 2005 (Docket No. 65), be, and the same is hereby, **ACCEPTED** in totality, and that the Petitioner's Motion To Amend 28 U.S.C. § 2255 (Docket No. 59) be, and the same is hereby, **GRANTED**; and that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Docket No. 57) be, and the same is hereby, **DENIED**.

In light of the denial of the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody, it is further Ordered that the following Motions be, and the same are hereby, **DENIED as moot**:

1. Motion To Appoint Counsel (Docket No. 53);
2. Motion To Appoint Counsel (Docket No. 56);
3. Motion To Appoint Counsel (Docket No. 60); and
4. Motion To Appoint Counsel (Docket No. 61).

It is further

**ORDERED** that the above-styled *habeas corpus* action be, and the same is

hereby, **DISMISSED** with prejudice and **STRICKEN** from the docket of the Court.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner.

**ENTER:** February __23__, 2006

**/S/ Robert E. Maxwell**
United States District Judge
